UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRIVIA E. HARRIS,<br><br>            Plaintiff,<br><br>        v.<br><br>SACRAMENTO POLICE DEPARTMENT,<br><br>            Defendant. | Case No.  2:25-cv-1398-TLN-JDP (PS)<br><br>ORDER |

Plaintiff brings this action against the Sacramento Police Department.  The complaint fails to state a claim, however.  I will dismiss the complaint with leave to amend and grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Additionally, a plaintiff's complaint must set forth the basis for federal court jurisdiction. A federal court may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78.

**Analysis**

The complaint purports to bring claims for verbal abuse and harassment, conspiracy to violate civil rights, substantive and procedural due process, and cruel and unusual punishment against the sole defendant, the Sacramento Police Department. ECF No. 1. However, the factual allegations do not provide a basis for any of these causes of action.

The complaint alleges that on May 15, 2025, an individual named Terrel hit plaintiff in the head with a bicycle. *Id.* at 7. Plaintiff then walked past certain construction workers and police officers, one of whom yelled at plaintiff. *Id.* at 8. Plaintiff states that police dogs have assaulted her, and that she was able to obtain a temporary restraining order against defendant. *Id.* at 8-9. Plaintiff also claims that an unknown individual was sent to attack to her, but that she stabbed him in the hand. *Id.* at 9. Following the stabbing, plaintiff called the police to explain what happened, but she was arrested for assault with a deadly weapon. *Id.* Plaintiff was released from jail two days later, but was taken to a nearby hospital without her consent because she had high blood pressure. *Id.*

These allegations are too vague and conclusory to provide defendant with adequate notice of the factual basis for each of plaintiff's claims. Although plaintiff generally claims that her rights were violated, she does not provide any specific factual allegations in support of that conclusion. The complaint contains no allegations supporting her contention that defendant violated her rights; indeed, the complaint contains essentially no allegations concerning defendant. Although pro se pleadings are liberally construed, plaintiff must still identify each of defendant's actions that support her claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). The complaint does not, as Rule 8 requires, put defendant on notice of the specific claims against it.

Moreover, to state a *Monell* claim against defendant, the complaint must allege that (1) plaintiff was deprived of a constitutional right, (2) the department has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *See Dougherty v.*

1  *City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436
2  U.S. 658, 694 (1978)).  "[A] local government may not be sued under § 1983 for an injury
3  inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.  Instead, a local
4  government may be sued when an employee who committed a constitutional violation was
5  "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a
6  final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing
7  *Monell*, 436 U.S. at 694).  The complaint makes no allegations that defendant has a policy,
8  custom, or practice that was the moving force behind plaintiff's alleged constitutional violation.
9       I will allow plaintiff a chance to amend his complaint before recommending that this
10 action be dismissed.  Plaintiff should also take care to add specific factual allegations against each
11 defendant.  If plaintiff decides to file an amended complaint, the amended complaint will
12 supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)
13 (en banc).  This means that the amended complaint will need to be complete on its face without
14 reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is
15 filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in
16 the original, plaintiff will need to assert each claim and allege each defendant's involvement in
17 sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer
18 to the appropriate case number.  If plaintiff does not file an amended complaint, I will
19 recommend that this action be dismissed.

4

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE